1809.

Negro George
vs
Dennis

may have conveyed the land away, or it may have been sold to pay the taxes on it.

*Second position.* Admitting the court had competent jurisdiction to give the relief prayed, yet there is not sufficient evidence upon which the relief could be grounded. The answer denies the material facts relied on by the bill. The reason for rescinding the first contract was not for the cause stated by the chancellor. It was fully proved, that no dam could be made so as to prevent the water from overflowing on the neighbouring lands. The first contract was fair and honest; and the rescinding it was perfectly agreeable to both parties, and was done at the instance of the appellee, who instead of wishing the money to be refunded, was desirous to take *Kentucky* land. There is no proof that the appellee, when he went to *Kentucky,* made the necessary inquiry as to where the land lay. If the land lay in this state, it was not such a contract as ought to be annulled upon the mere ground of its not lying in the county, if it conformed to the other descriptions.

DECREE REVERSED,

---

DEO. (E. S.)

On the death of S D, a resident of this state, a slave belonging to his estate, was, by a bill of sale executed by his administrator in 1792, sold to G D, also a resident of this state, but who immediately afterwards removed to *Virginia,* and took the slave with him. On a petition fil'd by the slave against G D for his freedom—*Held,* that he was not entitled to freedom.

## NEGRO GEORGE vs. DENNIS,

APPEAL from *Somerset* county court. This was a petition for freedom. The facts of the case, as admitted at the trial, were these—The petitioner, (the appellant,) was the property of *Samuel Engersole,* who resided in *Somerset* county, and on his death, came to the possession of *Richard Engersole,* his administrator, who resided in the same county. *R. Engersole,* the administrator, by bill of sale dated the 16th of October 1792, sold the petitioner to the defendant, then a resident also of the said county, and who immediately afterwards removed to the state of *Virginia,* and took the petitioner with him. The court, *(Polk,* Ch. J. and *Done,* A. J.) were of opinion, and so instructed the jury, that these facts were not sufficient to entitle the petitioner to his freedom. The petitioner excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, NICHOLSON, GANTT, and EARLE, J. by

*W. B. Martin,* for the Appellant; and by
*J. Bayly,* for the Appellee.

JUDGMENT AFFIRMED.